**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| CLIFFORD J. SCHUETT, | : | PRISONER <u>BIVENS</u> ACTION |
| BOP ID 01930-046, | : | 28 U.S.C. § 1331 |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-3101-TWT-ECS |
| U.S. ATTORNEY, | : | |
| Defendant. | : | |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be

limited to a plain error review.  United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 30th day of September, 2014.

_S/ E. Clayton Scofield III_
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| CLIFFORD J. SCHUETT, | : | PRISONER <u>BIVENS</u> ACTION |
| BOP ID 01930-046, | : | 28 U.S.C. § 1331 |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-3101-TWT-ECS |
| U.S. ATTORNEY, | : | |
|     Defendant. | : | |

## FINAL REPORT AND RECOMMENDATION AND ORDER

Clifford Schuett is a federal inmate detained in the Nevada Southern Detention Center. In recent months, Mr. Schuett has mailed job applications to federal and state prosecutors around the country, seeking employment as a paralegal or computer technician. As his applications have been rejected, Mr. Schuett has filed more than a dozen federal lawsuits alleging that he is being discriminated against because he is a disabled felon. <u>See, e.g.</u>, [Doc. No. 1]; <u>Schuett v. Maine Att'y Gen.</u>, No. 1:14-CV-375-JDL (D. Me. Sept. 22, 2014); <u>Schuett v. District Attorney</u>, No. 1:14-CV-905-RJJ (W.D. Mich. Aug. 25, 2014); <u>Schuett v. Governor</u>, No. 3:14-CV-5634-BHS (W.D. Wash. Aug 25, 2014); <u>Schuett v. Governor</u>, No. 1:14-374-HG (D. Haw. Aug. 18, 2014). <u>See generally</u> www.pacer.gov (last viewed September 29, 2014; searched for "Schuett, Clifford")

Mr. Schuett claims in the instant lawsuit that the United States Attorney for the Northern District of Georgia is engaged in "handicap discrimination" because "he [sic] says he [sic] does not

employ felons in wheelchairs." [Doc. No. 1 at 3-4].[1] Because Mr. Schuett is a federal inmate, his Complaint is subject to screening for frivolity, maliciousness, and sufficiency to state a claim under 28 U.S.C. § 1915A. In that regard, it bears noting that Mr. Schuett brought suit under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). But his claims should have been brought under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (the "ADA"), and/or the Rehabilitation Act, 29 U.S.C. §§ 791-796(1), because both of these Acts "provide comprehensive remedial frameworks that address every aspect of [his] claims." See generally Holbrook v. City of Alpharetta, 112 F.3d 1522 (11th Cir. 1997). As a result, Mr. Schuett may not bring disability-based discrimination claim(s) either in a § 1983 action, id. at 1531 (§ 1983 case) or, by analogy, in a Bivens action, see Smith ex rel. Smith v. Siegelman, 322 F.3d 1290, 1297 n.15 (11th Cir. 2003) ("A Bivens action is analogous to § 1983 suits against state and local officers."). Indeed, the Supreme Court has cautioned litigants that it will not recognize a Bivens cause of

---

[1] If the United States Attorney for the Northern District of Georgia had made any such statement to Mr. Schuett, as alleged, Mr. Schuett would know that "he" is a woman. This error in reference to the United States Attorney's gender- repeated more than once – casts a certain amount of doubt on Mr. Schuett's credibility. Nonetheless, the undersigned has treated as "true" the well-pleaded factual allegations in Mr. Schuett's Complaint.

2

action where "any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." Wilkie v. Robbins, 551 U.S. 537, 550 (2007); see also Minneci v. Pollard, 132 S. Ct. 617, 623 (2012) (reiterating that "Wilkie fairly summarizes the basic considerations that underlie" the determination of when a Bivens action may be brought).

Mr. Schuett has not alleged in his complaint any of the facts he is required to state and prove to prevail on claims under the ADA and/or the Rehabilitation Act, including, for example, the allegation that he is an "'individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires'" and "that reasonable accommodations were available." Holbrook, 112 F.3d at 1526 (quoting 42 U.S.C. § 12111(8)). More importantly, it is plain from the face of his Complaint that Mr. Schuett has made no effort to satisfy the prerequisites to suit under the ADA and the Rehabilitation Act. For example, a person alleging disability discrimination by a federal agency is "required to initiate administrative review of any alleged discriminatory or retaliatory conduct with the appropriate agency withing 45 days of the alleged discriminatory act." Shiver v. Chertoff, 549 F.3d 1342, 1344 (11th Cir. 2008). "Generally, when the claimant does not

3

initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies." <u>Id.</u>

Generally speaking, "[f]ailure to exhaust is an affirmative defense," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." <u>Jones v. Bock</u>, 549 U.S. 199, 216 (2007). However, "[a] complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint." <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011). Here there is no suggestion in Mr. Schuett's Complaint that he ever contacted any agency counselor; indeed, Mr. Schuett explicitly disclaims having pursued any administrative remedies. <u>See</u> [Doc. No. 1 at 2]. Thus, because Mr. Schuett did not pursue his disability discrimination claim(s) through the appropriate agency EEO Counselor, the undersigned **RECOMMENDS** that this case be **DISMISSED** for failure to state a claim upon which relief may be granted.

Solely for the purpose of dismissal, Mr. Schuett is **GRANTED** permission to proceed <u>in forma pauperis</u>.

4

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED, ORDERED, AND DIRECTED**, this 30th day of September, 2014.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)